UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:10-CR-56 |
| v. | ) | |
| | ) | Collier/Carter |
| JERMAINE HOWARD | ) | |

## MEMORANDUM & ORDER

On May 4, 2010, Defendant Jermaine Howard ("Defendant") filed a motion for an evaluation to determine his mental competency to stand trial (Court File No. 14). On May 20, 2010, United States Magistrate Judge William B. Mitchell Carter ordered a psychiatric/psychological evaluation to determine (1) whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (2) Defendant's sanity at the time of the offense (Court File No. 19). On September 8, 2010, a sealed forensic psychological evaluation was filed with the Court, wherein Dr. Manuel E. Gutierrez gave his professional opinion Defendant was competent to stand trial and was sane at the time of the offense (Court File No. 26). On November 4, 2010, a competency hearing was held before Magistrate Judge Carter. On November 9, 2010, Magistrate Judge Carter issued a report & recommendation ("R&R") recommending the Court find Defendant competent to stand trial (Court File No. 33). Defendant timely filed an objection (Court File No. 34).

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). However, the magistrate judge, as factfinder, has the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United*

*States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). Accordingly, the magistrate judge's assessment of witnesses' testimony is entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003)

Defendant contends Magistrate Judge Carter, in his R&R, improperly found him competent to stand trial "in the face of medical records of the Defendant's mental illness" (Court File No. 34, p. 1). Defendant cites no evidence contradicting the forensic findings of Dr. Gutierrez – findings which led to his professional opinion Defendant was competent to stand trial. In fact, Defendant repeatedly cites approvingly the testimony of Dr. Gutierrez. However, Defendant's argument seems to be that, based upon the evaluation performed by Dr. Gutierrez, Dr. Gutierrez, and likewise Magistrate Judge Carter, should have reached an opposite conclusion about Defendant's competency.

Specifically, Defendant cites Dr. Gutierrez's testimony Defendant was diagnosed as a juvenile of having severe mental illness; Defendant has a long history of mental illness; anti-psychotic medications would have a more deleterious effect on one receiving them as a juvenile than as an adult; and Defendant is an individual who could become incompetent in the future.[1] Defendant appears to believe these facts lead inexorably to the conclusion he is incompetent to stand trial. However, this is not so. Mental illness is not conterminous with incompetency. *See United States v. Willis*, 362 F. App'x 531, 534 (6th Cir. 2010) ("although a defendant may show signs of . . . mental illness, such an illness would not necessarily render the defendant incompetent to stand

---

[1]Defendant also cites Dr. Bhushan's testimony at the competency hearing that Defendant had been placed on anti-psychotic medication following his evaluation by Dr. Gutierrez. However, Dr. Bhushan himself did not opine Defendant is incompetent to stand trial, and Dr. Gutierrez advised the Court Defendant's placement on anti-psychotic medication does not change his evaluation.

trial") (citation omitted). Dr. Gutierrez's forensic evaluation did indeed note Defendant's long history of significant mental illness, including present diagnoses of "psychotic disorder not otherwise specified" and "antisocial personality disorder" (Court File No. 26, pp. 9-10). However, the evaluation also spelled out in reasoned detail features of Defendant suggesting his competency to stand trial:

> [Defendant] demonstrated good comprehension of the legal system, as he provided correct and detailed answers regarding the roles and responsibilities of the judge, jury, prosecutor, defense attorney, and witnesses. . . . [Defendant] is aware of his plea options . . . [and] recognizes that he is facing a potential prison sentence . . . . [Defendant] displayed no distorted thoughts or unusual beliefs about his charges. [He] indicated that he intends to proceed to trial because he is "innocent." . . . His comportment . . . indicates that he possesses the necessary internal controls to behave appropriately in a courtroom setting.

(*Id.*, p. 11). Additionally, the evaluation noted Defendant knew and liked his attorney, joked about the many visits he was having with his attorney, and appeared to interact positively with his attorney. Ultimately, the report concluded Defendant, though clearly suffering from mental illness, possessed adequate factual and rational understanding of the proceedings against him to stand trial and assist counsel in his defense.

Defendant cites Dr. Gutierrez's statements concerning Defendant's past and present mental illness suffering, but fails to address the specific findings that led him to conclude Defendant is competent, mental illness notwithstanding. The magistrate judge properly considered and relied upon *all* of Dr. Gutierrez's forensic evaluation and testimony when concluding Defendant is competent to stand trial. Upon review of the record, the Court finds the magistrate judge did not err in crediting Dr. Gutierrez's professional opinion regarding Defendant's competency. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 33), and **DETERMINES** Defendant is competent to stand trial.

**SO ORDERED.**

**ENTER:**


/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**