UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-56-001 |
| v. ) | |
| ) | Judge Collier/Steger |
| JERMAINE HOWARD ) | |

## MEMORANDUM AND ORDER

JERMAINE HOWARD ("Defendant") came before the Court for an initial appearance on January 5, 2018, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 129].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Myrlene Marsa of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing and a detention hearing.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court.

It is, therefore, **ORDERED** that:

1. The government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **GRANTED**.

2. The undersigned is entering a separate Order requiring that Defendant undergo a psychiatric/psychological evaluation pursuant to 18 U.S.C. §§ 4241 and 4247. Defendant's revocation hearing before United States District Judge Collier will not be scheduled until Defendant returns from such evaluation.

3. Following Defendant's psychiatric/psychological evaluation, Attorney Maio and Attorney Wilson shall confer and make a joint request for a revocation hearing before Judge Collier.

4. Upon Defendant's return to the Eastern District of Tennessee following his psychiatric/psychological evaluation, the United States Marshal shall transport Defendant to the revocation hearing before Judge Collier at a date and time to be scheduled by the Court.

**ENTER.**

/s/*Christopher H. Steger*
United States Magistrate Judge